■ Thomas B. Boyle, Respondent, v Adina V. Taylor, Appellant. [680 NYS2d 605] —In an action for a divorce and ancillary relief, the defendant wife (1) appeals from so much of a judgment of the Supreme Court, Westchester County (Cowhey,

J.), dated May 8, 1997, as equitably distributed the marital assets, and (2) purportedly appeals from so much of the same judgment as failed to award her maintenance.

Ordered that the purported appeal is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the wife's contention, the Supreme Court did not err in its equitable distribution award. The court properly considered the short duration of this childless marriage, the respective careers and earning capacities of these financially independent professionals, the limited nature of the parties' financial partnership, and their respective contributions to that partnership and each other. Accordingly, there is no reason to disturb the Supreme Court's equitable distribution award giving 85% of the marital assets to the husband and 15% to the wife (*see,* Domestic Relations Law § 236 [B] [5] [d] [1], [2], [5], [8]; *Palmer v Palmer,* 156 AD2d 651; *Kobylack v Kobylack,* 111 AD2d 221, 222).

The wife purportedly appeals from so much of the judgment as failed to award her maintenance. However, the wife's notice of appeal specified that her appeal was limited to that part of the judgment which equitably distributed the marital assets. " 'An appeal from only part of [a judgment] constitutes a waiver of the right to appeal from other parts of that [judgment]' " (*Clark v 345 E. 52nd St. Owners,* 245 AD2d 410, 413, quoting *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). In any event, if we were to reach the merits of the wife's arguments we would affirm the determination of the Supreme Court on the issue of maintenance.

The wife's remaining contentions are without merit. Sullivan, J. P., Altman, Krausman and Florio, JJ., concur.