■ THOMAS O. MURTHA, Appellant-Respondent, v JILL M. MURTHA, Respondent-Appellant. [694 NYS2d 382] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered November 2, 1998, which, *inter alia*, granted a divorce to the wife on the ground of constructive abandonment and confirmed in part and disaffirmed in part the report of the Judicial Hearing Officer, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing the valuation of the plaintiff's Chartered Financial Analyst (CFA) certification to $200,000, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 13, 1998, which, *inter alia*, granted in part and denied in part defendant's motion to confirm the report of the Judicial Hearing Officer and also denied plaintiff's request for a new trial, unanimously dismissed, without costs, as superceded by the appeal from the ensuing judgment.

In view of the enormous disparity between the parties' current and future income potential and the loss of career potential suffered by defendant-wife in the course of the marriage, as well as her fragile emotional state, the IAS Court properly confirmed the Hearing Officer's recommendation that she be awarded 60 percent of the marital estate. However, the IAS Court should also have confirmed the remainder of the report, except as indicated herein since the findings and recom-

mendations therein were substantially supported by the record (*see, Banker v Banker*, 248 AD2d 144; *Stone v Stone*, 229 AD2d 388), and there was no reasonable basis here for declining to accept them.

Thus, while the Hearing Officer found plaintiff's CFA certification, acquired by the husband during the marriage, to be worth $3,353,052, the court deemed the highly prestigious CFA to be without value since it was not a requirement for employment as a financial analyst. We agree with the conclusion of the Hearing Officer that the certification had value, but, on the basis of this record, find such only to the extent of $200,000. While the CFA may not actually be a prerequisite for employment and/or advancement in plaintiff's field of endeavor, he was, after receiving his certification, promoted from being a mere member of the Asian sales desk to the managerial ranks, and his compensation more than doubled. Indeed, plaintiff would certainly not have expended the considerable time, money and effort involved in obtaining the CFA if it were not a highly desirable and valuable professional credential. The court should also have confirmed the Hearing Officer's recommendation that plaintiff be compelled to return to the marital estate the entire $100,000 that he had removed from a marital account. Even assuming that the husband's substantial income was, as he claimed, inadequate to pay his income taxes, attorney and expert fees, he should have applied to the court for permission to withdraw marital funds for that purpose and should not have unilaterally dipped into marital property, which was in clear violation of the court's interim order.

Nevertheless, the court did not improvidently exercise its discretion in directing that the duration of maintenance payments to the wife terminate five years from the entry of the judgment of divorce instead of seven years from the date of the Hearing Officer's report, an effective difference of only some eight months. We have considered the parties' various remaining arguments and find them to be without merit. Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.