■ CATHERINE MARKOPOULOS, Respondent, v ANDREW MARKOPOULOS, Appellant. [710 NYS2d 636] —In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered April 8, 1999, which, after a nonjury trial, *inter alia*, (1) directed him to pay maintenance of $100 per week for five years, (2) directed him to pay retroactive maintenance, (3) awarded the plaintiff exclusive use and occupancy of the marital premises until the parties' youngest child reaches 18 years of age and failed to direct the sale of the marital premises, (4) determined that the 698-acre Forestport property was marital property and directed the defendant to sell it to satisfy the balance of the mortgage on the marital premises, (5) awarded the plaintiff possession of an all terrain vehicle acquired during the marriage, (6) in effect, gave certain jewelry to the plaintiff, (7) determined that the plaintiff was entitled to the tax deduction for the children, and (8) awarded the plaintiff $7,917 for counsel fees.

Ordered that the judgment is modified, on the law, the facts,

and in the exercise of discretion, by (1) deleting from the seventh decretal paragraph thereof the words "which payments shall not be taxable to the plaintiff and not deductible by the defendant" and substituting therefor the words "which payments shall be taxable to the plaintiff and deductible by the defendant", (2) deleting from the eighth decretal paragraph thereof the words "Fourteen Thousand Four Hundred Twenty ($14,420) Dollars, representing One Hundred Three ($103) Dollars per week", and substituting therefor the words "$7,420, representing $53 per week", (3) deleting the twelfth and thirteenth decretal paragraphs thereof and substituting therefor provisions directing the defendant to pay the sum of $2,114.43 monthly to the mortgagee in payment of the mortgage on the marital residence, and the fuel and utility bills, until he pays the sum of $45,071.67 to the plaintiff, representing expenditures on the Forestport properties, (4) deleting subdivision (a) of the fourteenth decretal paragraph thereof and substituting therefor a provision awarding the 698-acre Forestport property to the defendant as his separate property, (5) adding to subdivision (c) of the fourteenth decretal paragraph thereof a provision that the plaintiff shall be credited with the amounts paid by her to reduce the balance of the mortgage encumbering the marital residence in accordance with the judgment, before the proceeds are divided equally between the plaintiff and the defendant, and (6) deleting from subdivision (g) of the fourteenth decretal paragraph thereof the words "The plaintiff shall be entitled to ownership of the all terrain vehicle acquired during the marriage" and substituting therefor a provision directing the defendant to sell the all terrain vehicle expeditiously, at a price agreeable to both parties, and that the proceeds from the sale are to be divided equally; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted for further proceedings in accordance herewith.

Although the Supreme Court should have discussed all of the statutory factors when making its award of equitable distribution and maintenance, the matter need not be remitted to the Supreme Court for such a discussion, since the Supreme Court enumerated the factors it considered in making its determination, thereby affording a basis for review (*see, Hartog v Hartog,* 85 NY2d 36, 51).

The Supreme Court erred in determining that the 698-acre Forestport property was marital property, since the defendant purchased it before the marriage. Nevertheless, the plaintiff is entitled to receive a sum equal to one-half of the marital funds

used to reduce the indebtedness and pay for improvements to the property (*see, Micha v Micha,* 213 AD2d 956). Since the amount of those expenditures was $83,643.34, the plaintiff is entitled to $41,821.67. The plaintiff is also entitled to a credit for the value of the two-acre Forestport property that was purchased during the marriage, and awarded to the defendant. In the absence of any other proof of value, we value the parcel at its $6,500 purchase price. The plaintiff is entitled to one-half of that amount. Added to the $41,821.67 the plaintiff is to receive for the 698-acre property, the plaintiff shall receive the sum of $45,071.67.

The Supreme Court properly awarded the plaintiff the use and occupancy of the marital residence until the parties' youngest child reaches 18 years of age (*see, Waldmann v Waldmann,* 231 AD2d 710). The defendant is responsible for paying $2,114.43, representing the mortgage payments, taxes, and escrow, plus fuel and utility payments, until he pays $45,071.67 to the plaintiff. After the defendant pays the plaintiff $45,071.67, the plaintiff will be responsible for the payments on the marital residence, and she will be entitled to receive a credit against the proceeds of the sale of the marital residence for the money that she pays to reduce the balance of the mortgage prior to the sale (*see, Friedenberg v Friedenberg,* 136 AD2d 593; *Gundlach v Gundlach,* 223 AD2d 942).

The Supreme Court properly awarded the plaintiff five years of maintenance at $100 per week (*see,* Domestic Relations Law § 236 [B] [6] [a]; *O'Sullivan v O'Sullivan,* 247 AD2d 597). Although the parties were only married for approximately six years before the commencement of the action, the plaintiff has physical custody of the parties' three young children, and her income potential is modest. Accordingly, the award is necessary to maintain her premarital standard of living (*see, Hartog v Hartog,* 85 NY2d 36, *supra*). However, in the exercise of discretion, the maintenance should be taxable to the plaintiff and deductible by the defendant (*see,* 26 USC § 71 [b] [1] [B]). The Supreme Court erred in directing the defendant to pay, retroactively, the increase in maintenance awarded to the plaintiff, since the defendant was required to pay the carrying charges of the residence, $50 per week in maintenance, $150 per week in child support, and one-half of all child expenses during the pendency of the action, and the eighth decretal paragraph of the judgment is modified accordingly.

The Supreme Court erred in awarding the all terrain vehicle purchased during the marriage to the plaintiff. Accordingly, this vehicle should be sold with the proceeds divided equally between the parties.

The Supreme Court's determination regarding the debt alleged by the defendant is not against the weight of the evidence.

The defendant's remaining contentions are without merit. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.