■ Steven J. Feldman, Appellant, v Roberta S. Feldman, Respondent. [720 NYS2d 117] —Orders, Supreme Court, New York County (Walter Tolub, J.), entered October 28, 1999, February 7, 2000 and on or about February 29, 2000, which, insofar as appealed from, denied plaintiff's motions for a default judgment, a contempt order against defendant, suppression of subpoenas duces tecum that defendant served upon nonparties, an attorney's lien against his future share of the sale proceeds of marital properties, and which directed that defendant immediately receive one-half of the net proceeds from the sale of one of the marital properties so as to enable her to obtain a new residence, unanimously affirmed, without costs.

Plaintiff's motion for a default judgment was properly denied

in view of the affidavit sworn to by his prior attorney attesting to service of the answer by mail on plaintiff's attorney (*see, Engel v Lichterman*, 62 NY2d 943). In the absence of a showing to the contrary, the notary is presumed to have acted within his or her jurisdiction and carried out his or her duties as required by law (*Collins v AA Truck Renting Corp.*, 209 AD2d 363), and no other basis exists for finding that the affidavit was backdated or is otherwise false. Indeed, timely service of the answer is indicated by a litigation history that involved three motions by plaintiff, all hotly contested, and defendant's attorney's revelation that defendant's prior attorney had handed over an incomplete file that did not include the answer, before plaintiff made any claim of a default by defendant in serving the answer.

Suppression of subpoenas issued to nonparty witnesses was properly denied, with a direction that they be submitted to the court for its review, since the documents sought are not privileged and, given ample demonstration that plaintiff is hiding his income and frustrating discovery, are otherwise discoverable (*see, Greenfield v Lyons*, 238 AD2d 281; *De La Roche v De La Roche*, 213 AD2d 208). Nor can plaintiff claim that he was prejudiced by the issuance of the subpoenas inasmuch as notice thereof was given to his attorney, who wrote to all the recipients that they need not comply.

The motion court properly ordered immediate distribution of 50% of the proceeds of the sale from the parties' Westhampton home to meet defendant's necessary housing needs (*see,* Domestic Relations Law § 234; *cf., Murtha v Murtha*, 264 AD2d 552, 553, *lv dismissed* 95 NY2d 791). Plaintiff's right to equitable distribution is adequately protected since 50% of the proceeds from the sale of the Westhampton home as well as the entire proceeds from the sale of the parties' Manhattan home remain in escrow.

Plaintiff's attorney's request for a charging lien against the sale proceeds of the two marital residences was properly denied since the attorney failed to substantiate his request for fees. The request may be renewed upon a showing of entitlement to the fees charged.

Plaintiff's claim that defendant refused to execute a contract of sale prepared by her own attorney is improperly raised for the first time on appeal. Rather, before the motion court, plaintiff claimed that defendant had refused to sign a contract apparently prepared by the attorney for the prospective purchasers. Defendant's application to void that part of the parties' stipulation directing sale of the Manhattan home was

prompted by plaintiff's failure to comply with his court-ordered pendente lite obligations, and hardly warrants a finding of contempt. Plaintiff's other claims bearing on his contempt motion are without merit. Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.