■ ANNE LEEDS, Respondent-Appellant, v MARK LEEDS, Appellant-Respondent. [722 NYS2d 582] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Beldock, J.H.O.), entered July 21, 1999 which, *inter alia*, awarded him only 30% of the plaintiff's pension and denied his application to be reimbursed for household expenses paid during the pendency of the action and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same order and judgment which, *inter alia*, failed to award her interest on a distributive award of $11,511 representing 50% of the defendant's individual retirement account, and failed to distribute the defendant's bank accounts at Citibank, Citibank LCA, and Bayside Federal, and granted the defendant's application to be credited with the sum of $137 per month for mortgage payments he made which included real estate taxes.

Ordered that the order and judgment is modified by (1) adding to the eleventh decretal paragraph thereof a provision awarding interest at the statutory rate on the plaintiff's distributive award of $11,511 calculated from the date of commencement of the action to the date payment is made, (2) deleting so much of the thirteenth decretal paragraph as, in effect, denied equitable distribution of the defendant's Citibank, Bayside Federal, and Citibank LCA accounts and substituting therefor a provision awarding the plaintiff 50% of those accounts as of the date of the commencement of the action, and (3) deleting so much of the twelfth decretal paragraph thereof as awarded the defendant a credit of $137 per month for mortgage payments he made which included real estate taxes; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court erred in failing to award interest on the plaintiff's distributive award of $11,511, representing her share of the defendant's individual retirement account from the date of the commencement of the action until the date of payment (*see, Vicinanzo v Vicinanzo,* 193 AD2d 962).

The Supreme Court also erred in failing to distribute the defendant's Citibank, Citibank LCA, and Bayside Federal Bank accounts. The Domestic Relations Law broadly defines the term marital properly and narrowly defines separate property (*see,* Domestic Relations Law § 236 [B] [1] [d]; *Majauskas v Majauskas,* 61 NY2d 481). Because there was no evidence adduced at trial that the subject accounts contain separate property, the Supreme Court should have equitably distributed them.

The defendant is not entitled to a credit for one-half of the mortgage payments he made during the pendency of the action which included real estate taxes. Generally, it is the responsibility of both parties to maintain the marital residence and keep it in good repair during the pendency of a matrimonial action (*see, Goddard v Goddard,* 256 AD2d 545). Here, the plaintiff paid for substantially all of the parties' household expenses while they resided together in the marital residence during the pendency of the action. The parties shared the expenses of maintaining the marital residence and, consequently, it would be inequitable to credit the defendant with one-half of the mortgage payments he made which included real estate taxes.

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.