■ BARBARA KALTENMEIER, Respondent, v DONALD KALTENMEIER, Appellant. [756 NYS2d 883] —In an action for a divorce and ancillary relief, the defendant appeals from (1) a judgment of the Supreme Court, Richmond County (DiMango, J.), dated October 12, 1999, which, inter alia, awarded the marital residence to the plaintiff, and directed him to pay the plaintiff maintenance in the sum of $850 per month, until May 2000, and lifetime maintenance of $700 per month thereafter, and (2) from so much of an order of the same court, dated December 13, 2001, as denied that branch of his motion which was to rescind the transfer of the sheriff's deed of the former marital residence to the plaintiff.

Ordered that the appeal from the order is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in awarding the plaintiff monthly maintenance of $850 until May 2000, and lifetime monthly maintenance of $700 thereafter. The amount and duration of maintenance are matters left to the sound discretion of the trial court (*see Lo Maglio v Lo Maglio,* 273 AD2d 823 [2000]). Upon consideration of the requisite statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a]), including the parties' respective ages, abilities and incomes, and most notably that this was a marriage of nearly 38 years, neither the amount nor the permanent duration of the maintenance award was improper (*see Krutyansky v Krutyansky,* 289 AD2d 299, 300 [2001]; *Solomon v Solomon,* 276 AD2d 547, 548 [2000]; *Fischer v Fischer,* 199 AD2d 1028, 1029 [1993]). Nor did the defendant demonstrate any basis to upset the other challenged equitable distribution provisions of the judgment.

With respect to the order dated December 13, 2001, the defendant's notice of appeal therefrom expressly limited his appeal "to the extent the Court denied the defendant's motion to rescind the transfer of the deed from the Sheriff to the Plaintiff." He did not raise this issue on appeal. By limiting his appeal to this issue, the defendant waived the right to raise the other arguments he has advanced in his brief (*see Boyle v Taylor,* 255 AD2d 411, 412 [1998]). Accordingly, the arguments raised by the defendant in his brief with respect to the order are not properly before us for review. S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.