■ CHARLEEN ANNE PALUMBO, Respondent, v ROBERT PALUMBO, Appellant. [781 NYS2d 753]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Marano, J.), entered February 19, 2003, which, inter alia, awarded maintenance and child support to the plaintiff and directed the sale of the marital real property.

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an amended judgment of the Supreme Court, Nassau County (Marano, J.), entered April 8, 2003, which, inter alia, awarded maintenance, child support, and a counsel fee to the plaintiff.

Ordered that the amended judgment is modified, on the law, the facts, and as a matter of discretion, by adding thereto a provision reducing the plaintiff's share of the proceeds from the sale of the Dix Hills home by one half of the total of the defendant's payments of principal on the mortgage for that property from September 1999 through September 2001; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, for an entry of an appropriate second amended judgment.

The amount of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (see Chalif v Chalif, 298 AD2d 348 [2002]; Mazzone v Mazzone, 290 AD2d 495 [2002]). The trial court is required to consider the parties' pre-separation standard of living in determining the appropriate amount and duration of maintenance (see Hartog v Hartog, 85 NY2d 36 [1995]). The court must also consider the reasonable needs of the recipient spouse and the pre-separation standard of living in the context of the other factors, and then, in its discretion, fashion a fair and equitable maintenance award (see Domestic Relations Law § 236 [B] [6] [a] [1]-[11]; Hartog v Hartog, supra at 50, 52).

The trial court providently exercised its discretion in awarding the plaintiff maintenance for four years in light of the disparity in the parties' incomes and the plaintiff's limited ability to become self-supporting in the future (see Chalif v Chalif, supra; Damato v Damato, 215 AD2d 348 [1995]).

"In identifying nothing less than 'all property' acquired during the marriage as marital property [Domestic Relations Law § 236 (B) (1) (c)] evinces an unmistakable intent to provide each spouse with a fair share of things of value that each helped to create and expects to enjoy at a future date" (DeLuca v DeLuca, 97 NY2d 139, 144 [2001]; see DeJesus v DeJesus, 90 NY2d 643 [1997]). Since the former marital residence in Dix Hills and the Vermont home were purchased during the marriage the trial court properly deemed them to be marital property subject to equitable distribution. The party seeking to overcome the mari-

tal property presumption, here the defendant, has the burden of proving that the property in dispute is separate property (*see Farag v Farag,* 4 AD3d 502 [2004]; *Barone v Barone,* 292 AD2d 481 [2002]). Given that the term "separate property" is to be construed narrowly (*see* Domestic Relations Law § 236 [B] [1] [d]; *Price v Price,* 69 NY2d 8 [1986]; *Majauskas v Majauskas,* 61 NY2d 481 [1984]; *Leeds v Leeds,* 281 AD2d 601 [2001]), and that the plaintiff had contributed greatly to the day-to-day care of the homes and toward their actual costs, the trial court was justified in treating both the marital home and the Vermont home as marital property subject to equitable distribution.

However, the trial court should have reduced the plaintiff's share of the proceeds from the sale of the marital home in order to credit the defendant with his 50% share of the money that he paid to reduce the principal balance of the mortgage on that property (*see Litman v Litman,* 280 AD2d 520, 522 [2001]). Accordingly, we remit the matter to the Supreme Court, Nassau County, inter alia, for a determination of the amount the defendant expended in order to reduce the principal balance of the mortgage on that property from September 1999 through September 2001.

A court must consider the equities and circumstances of each particular case and their respective financial positions in determining a counsel fee application (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]). Under the circumstances of this case, the trial court correctly awarded a counsel fee to the wife.

The issues raised by the defendant in Points IV, V, VII, VIII, and IX of his brief were previously raised and decided against him or could have been raised on a prior appeal (*see Palumbo v Palumbo,* 292 AD2d 358 [2002]). Therefore, reconsideration of these issues is barred by the doctrine of law of the case (*see Wendy v Spector,* 305 AD2d 403 [2003]; *MJD Constr. v Woodstock Lawn & Home Maintenance,* 299 AD2d 459 [2002]; *Duffy v Holt-Harris,* 260 AD2d 595 [1999]).

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.