■ MAUREEN O'DONNELL, Respondent-Appellant, v JOHN H. O'DONNELL, JR., Appellant-Respondent. (Matter No. 1.) In the Matter of JOHN O'DONNELL, Appellant, v MAUREEN O'DONNELL, Respondent. (Matter No. 2.) [836 NYS2d 703]—

In an action for a divorce and ancillary relief (matter No. 1), and in a related proceeding, inter alia, pursuant to CPLR 5240 to vacate an income execution (matter No. 2), John H. O'Donnell, Jr., appeals, as limited by his brief, (1) from so much of a judgment of the Supreme Court, Queens County (Lebowitz, J.), dated September 21, 2004, as, upon a decision of the Supreme Court, Richmond County (Smith, J.), dated February 20, 2003, made after a nonjury trial, failed to award equitable distribution of the marital residence, awarded Maureen O'Donnell exclusive ownership of the marital residence, directed him to pay child support in the sum of $2,083 per month, directed him to pay 60% of the children's tuition, school fees, and "extraneous sporting/recreational expenses," and directed him to pay 60% of Maureen O'Donnell's attorneys' fees in matter No. 1, and (2) from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated July 12, 2005, as denied that branch of his petition in matter No. 2 which was to vacate so much of an income execution as applied to payments for 60% of the children's educational and "extraneous sporting/recreational expenses," and Maureen O'Donnell cross-appeals, as limited by her notice of cross appeal and brief, from stated portions of the same judgment dated September 21, 2004, as, inter alia, upon so much of the decision as found, in effect, that the law degree and license of John H. O'Donnell, Jr., had no value, failed to award her an equitable distribution share of the value of the law degree and license of John H. O'Donnell, Jr.

Ordered that the judgment is modified, on the law (1) by deleting the provision thereof awarding Maureen O'Donnell exclusive ownership of the marital residence and substituting therefor a provision awarding John H. O'Donnell, Jr., 50% of the value of the marital residence, and awarding Maureen O'Donnell 50% of the value of the marital residence, and (2) by adding a provision thereto assessing the value of the law degree and license of John H. O'Donnell, Jr., at the sum of $150,000 and awarding Maureen O'Donnell 30% of that value, which award is to be credited from John H. O'Donnell, Jr.'s share of the proceeds from the equitable distribution of the marital residence; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to determine the net value of the marital residence, as of the date of trial, with appropriate credits applied in accordance herewith and for a determination as to how the marital residence shall be distributed; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After a nonjury trial, the Supreme Court failed to award equitable distribution of the parties' marital residence and awarded Maureen O'Donnell, the plaintiff in matter No. 1, exclusive ownership of the marital residence, which was the only significant marital asset. Where, as here, both spouses equally contribute to a marriage of long duration, the division of marital property shall be distributed equitably between the parties (*see* Domestic Relations Law § 236 [B] [1]). John H. O'Donnell, Jr., the defendant in matter No. 1 (hereinafter John O'Donnell), therefore was entitled to a 50% share of the value of the marital residence (*see Palumbo v Palumbo*, 10 AD3d 680 [2004]; *Adjmi v Adjmi*, 8 AD3d 411 [2004]).

Upon remittal, the court should also determine the net value of the marital residence, as of the date of trial, crediting Maureen O'Donnell for her payments of principal on the mortgage for the property (*see Palumbo v Palumbo*, 10 AD3d 680 [2004]; *Hnis v Hnis*, 300 AD2d 629, 630 [2002]). The court should also determine how the marital residence shall be distributed.

The trial court improperly found, in effect, that John O'Donnell's law degree and license had no value for purposes of equitable distribution (*see Klutchko v Baron*, 1 AD3d 400, 406 [2003]). Based on the record, the law degree and license together should have been valued in the amount of $150,000 and Maureen O'Donnell should have been awarded 30% of that value to be credited from John O'Donnell's share of the proceeds from the equitable distribution of the marital residence.

Maureen O'Donnell's limited notice of cross appeal precludes review of the issue of the timing of the distribution of her share of John O'Donnell's retirement plans and the court's failure to award her 100% of her attorneys' fees in matter No. 1 (*see Boyle v Taylor*, 255 AD2d 411 [1998]).

The parties' remaining contentions are without merit. Miller, J.P., Angiolillo, Carni and Dickerson, JJ., concur.