■ In the Matter of DENISE ROBERTSON, Respondent, v MICHAEL JORDAN, Appellant. [848 NYS2d 888]—In related child custody proceedings pursuant to Family Court Act article 6, the

father appeals from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated May 14, 2006, as, after a hearing, dismissed his petition to hold the mother in contempt and awarded the mother an attorney's fee.

Ordered that the appeal is dismissed as abandoned, without costs or disbursements.

The father contends that the Family Court erred in permitting the mother to relocate to South Carolina with the parties' children. However, his notice of appeal specified that his appeal was limited to only so much of the order of the Family Court as dismissed his petition to hold the mother in contempt and awarded her an attorney's fee. CPLR 5515 (1) requires that a notice of appeal designate the judgment or order, or specific part of the judgment or order, from which the appeal is taken. An appeal from only part of an order or judgment constitutes a waiver of the right to appeal from other parts of that order or judgment (*see Boyle v Taylor*, 255 AD2d 411, 412 [1998]; *Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]). Consequently, the arguments raised in the father's brief regarding relocation are not properly before this Court (*see Jordan v Jordan*, 8 AD3d 444, 446 [2004]; *532 Realty Assoc. v Spearhead Sys.*, 1 AD3d 476, 477 [2003]; *Kaltenmeier v Kaltenmeier*, 304 AD2d 529, 530 [2003]; *Boyle v Taylor*, 255 AD2d 411 [1998]; *W.J.F. Realty Corp. v Town of Southampton*, 240 AD2d 657, 658 [1997]). Accordingly, the appeal must be dismissed. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.