█ MICHAEL L. JUDGE, Appellant, v LOLA S. JUDGE, Respondent. [851 NYS2d 639]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Nelson, J.), dated June 19, 2006, which, upon a decision of the same court dated May 23, 2006, made after a nonjury trial, inter alia, valued the defendant's Federal Reserve Bank Defined Benefit Plan in the sum of $36,217, determined that the defendant's Masters of Business Administration degree did not enhance her future earnings, awarded him a credit in the sum of only $5,054 for his contribution to the appreciation in value of the defendant's separate property, awarded the defendant a credit in the sum of $2,900 for expenses he failed to pay toward the parties' former vacation home, awarded him a credit in the sum of only $6,941 towards the carrying charges he paid on the marital home after the commencement of the action, awarded him an attorney's fee in the sum of only $20,000, and denied his application for retroactive child support.

Ordered that the judgment is modified, on the law, on the facts, and as an exercise of discretion, (1) by deleting the provision thereof determining that the defendant's Masters of Business Administration degree did not enhance her earnings, and substituting therefor a provision awarding the plaintiff the sum of $141,250 as his share of the defendant's enhanced earnings attributable to her Masters of Business Administration degree, (2) by deleting the provision thereof awarding the defendant a credit in the sum of $2,900 for expenses the plaintiff failed to pay toward the parties' former vacation home and substituting therefor a provision awarding the defendant a credit in the sum of $2,275, (3) by deleting the provision thereof awarding the plaintiff a credit of $6,941 and substituting therefor a provision awarding the plaintiff a credit of $17,675, and (4) by deleting the provision thereof awarding the plaintiff an attorney's fee in the sum of $10,000, and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $50,000, including a $10,000 pendente lite award; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The parties were married in 1983 and have two children. In 1989 the defendant stopped working outside the home in order to take care of the parties' first child. She primarily stayed home and took care of the parties' children until the fall of 1993, when she enrolled in a program for a Masters of Business Administration degree (hereinafter an MBA degree) at a college where the plaintiff was employed as a professor. In the spring of 1994 the defendant was hired by the Federal Reserve Bank (hereinafter the FRB), through the college placement office, and she received her MBA degree in February 1997. The defendant's first job with the FRB was as a management information analyst, and at the time of trial she was an officer at the FRB and vice-president of the FRB's Cash and Custody Division. The defendant moved out of the marital home in 2000 and the plaintiff commenced this action on July 30, 2002.

Under the circumstances of this case, the Supreme Court improperly determined that the defendant's MBA degree did not enhance her future earnings capacity. An academic degree may constitute a marital asset subject to equitable distribution, even though the degree may not necessarily confer the legal right to engage in a particular profession (*see McGowan v McGowan*, 142 AD2d 355, 357 [1988]). While the MBA degree might not actually be a prerequisite to the defendant's employment, the record demonstrates that the degree substantially increased her future earnings, and therefore the plaintiff is entitled to an equitable share of its value, with the proper valuation date being the commencement of this action (*see Murtha v Murtha*, 264 AD2d 552 [1999]; *see also O'Donnell v O'Donnell*, 41 AD3d 447, 449 [2007]). Based upon the testimony of the parties' experts, we find that the value of the defendants' MBA degree as of that date was $565,000 and find that the plaintiff was entitled to 25% thereof, for an award in the sum of $141,250.

The Supreme Court improperly calculated the credit awarded to the defendant for expenses the plaintiff failed to pay towards the parties' former vacation home. The evidence at trial indicated that the plaintiff failed to pay $2,275 towards the amount the parties had agreed to contribute towards the expenses associated with the property.

The Supreme Court improvidently exercised its discretion in awarding the plaintiff a credit in the sum of only $6,941 towards the amount he expended on carrying charges related to the marital home after the commencement of the action. "Generally, it is the responsibility of both parties to maintain the marital residence and keep it in good repair during the pendency of a

matrimonial action" (*Leeds v Leeds*, 281 AD2d 601, 602 [2001]; *Goddard v Goddard*, 256 AD2d 545, 547 [1998]). After the defendant's voluntary departure from the marital residence, the plaintiff has resided there and made all payments towards the mortgage and taxes. The plaintiff's undisputed testimony showed that, since the commencement of this action, he paid a total sum of $35,350 in mortgage and tax expenses. Under the circumstances of this case, he is entitled to recover half that amount, or $17,675 (*see Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]; *Freigang v Freigang*, 256 AD2d 539, 540 [1998]).

The Supreme Court providently exercised its discretion in determining that the plaintiff was entitled to an award of an attorney's fee (*see Miklos v Miklos*, 21 AD3d 353, 354 [2005]; *DeJesus v DeJesus*, 264 AD2d 436 [1999]). However, given the equities and circumstances of this case, the relative merits of the parties' positions, and their respective financial circumstances, an award of an attorney's fee to the plaintiff in the total sum of $50,000 is appropriate (*see* Domestic Relations Law § 237 [a], [d]; *Timpone v Timpone*, 28 AD3d 646 [2006]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.