STEPHANIE LE, Respondent, v KEVIN LE, Appellant. LYNN J. BRUSTEIN-KAMEL et al., Nonparty Appellants. [918 NYS2d 561]—

Contrary to the defendant's contention, the plaintiff is entitled to receive a credit against the proceeds of the sale of the marital residence for the money that she paid to reduce the balance of the mortgage during the pendency of the divorce action (*see Markopoulos v Markopoulos*, 274 AD2d 457 [2000]). She made these payments without any contribution from the defendant (*see e.g. Freigang v Freigang*, 256 AD2d 539 [1998]).

Where, as here, a party has paid the other party's share of what proves to be marital debt, such as the mortgage, taxes, and insurance on the marital residence, reimbursement is required (*see generally Epstein v Messner*, 73 AD3d 843 [2010]). However, the plaintiff was entitled to only a 50% of the reduction in mortgage principal because "[g]enerally it is the responsibility of both parties to maintain the marital residence . . . during the pendency of a matrimonial action" (*Judge v Judge*, 48 AD3d 424, 425-426 [2008] [internal quotation marks and citations omitted]; *see Palumbo v Palumbo*, 10 AD3d 680 [2004]). Therefore, the Supreme Court improvidently exercised its discretion in awarding the plaintiff a credit for 100% of the payments she made on the marital residence during the divorce proceedings.

The remaining contentions are without merit. Covello, J.P., Lott, Roman and Miller, JJ., concur.