■ VALENTINUS BRINKMANN, Respondent, v LINDA BRINKMANN, Appellant. [58 NYS3d 559]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Carol MacKenzie, J.), entered August 29, 2014. The judgment, insofar as appealed from, awarded the defendant maintenance in the amount of $2,500 per month until she reaches the age of 66, made an equitable distribution of the parties' marital assets, and awarded the defendant counsel fees in the sum of only $5,000.

Ordered that the appeal from so much of the judgment as awarded the defendant counsel fees in the sum of $5,000 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff and the defendant were married in 1975. The plaintiff is an electrical contractor and the owner of Brinkmann Electric Corporation (hereinafter Brinkmann Electric), a company that he purchased from his father during the marriage. The defendant worked as bookkeeper for Brinkmann Electric throughout the duration of the parties' marriage. In August 2011, the plaintiff commenced this action for a divorce and ancillary relief. In December 2012, the parties entered into a stipulation resolving issues relating to the equitable distribution of certain marital property. Pursuant to the stipulation, the defendant agreed to relinquish any interest that she may have in Brinkmann Electric in exchange for sole ownership of a corporate entity that the parties formed during the marriage which owns a parcel of commercial real estate in West Babylon. The action proceeded to a trial in March 2014. By judgment entered August 29, 2014, the Supreme Court, among other things, directed that the parties equally divide their remaining marital property, directed that the plaintiff pay maintenance to the defendant in the monthly sum of $2,500 until she reaches 66 years of age, and awarded the defendant counsel fees in the sum of $5,000.

"[T]he amount and duration of maintenance is a matter com-

mitted to the sound discretion of the trial court, and every case must be determined on its . . . unique facts" (*Repetti v Repetti*, 147 AD3d 1094, 1096 [2017] [internal quotation marks omitted]; *see Kaprov v Stalinsky*, 145 AD3d 869, 873-874 [2016]; *Diwan v Diwan*, 135 AD3d 807, 809 [2016]). "The factors to consider in awarding maintenance include 'the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance' " (*Horn v Horn*, 145 AD3d 666, 668 [2016], quoting *Kret v Kret*, 222 AD2d 412, 412 [1995]). Here, the Supreme Court considered these relevant factors and providently exercised its discretion in awarding maintenance to the defendant in the amount of $2,500 per month until she reaches the age of 66 (*see Sansone v Sansone*, 144 AD3d 885, 887 [2016]; *Maddaloni v Maddaloni*, 142 AD3d 646, 654 [2016]). We find no reason to disturb the court's credibility determinations regarding the defendant's ability to work and the plaintiff's finances, which determinations are entitled to deference on appeal (*see Massirman v Massirman*, 78 AD3d 1021, 1022 [2010]).

The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (*see* Domestic Relations Law § 236 [B] [5] [d]; *Holterman v Holterman*, 3 NY3d 1, 7 [2004]). "Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (*Taylor v Taylor*, 140 AD3d 944, 945-946 [2016]; *see* Domestic Relations Law § 236 [B] [5] [d]; *Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013]). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Aloi v Simoni*, 82 AD3d 683, 685 [2011] [internal quotation marks omitted]; *see Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]). Here, considering the foregoing factors, the Supreme Court providently exercised its discretion in distributing equally between the parties those marital as-

sets not provided for in the stipulation (*see Grasso v Grasso*, 47 AD3d 762, 764 [2008]). Moreover, in making this distribution, the court did not err in granting the plaintiff a credit for one-half of the payments that he made towards the mortgage on the marital residence following the commencement of the action. " '[G]enerally, it is the responsibility of both parties to maintain the marital residence . . . during the pendency of a matrimonial action' " (*Hymowitz v Hymowitz*, 119 AD3d 736, 741 [2014], quoting *Judge v Judge*, 48 AD3d 424, 425-426 [2008]). Here, the defendant voluntarily moved out of the marital residence in 2010, and the plaintiff had been solely responsible for the mortgage payments on the residence since that time (*see Judge v Judge*, 48 AD3d at 425-426; *see also Hymowitz v Hymowitz*, 119 AD3d at 741-742).

The appeal from so much of the judgment as awarded the defendant counsel fees in the sum of $5,000 must be dismissed. "It is the obligation of the appellant to assemble a proper record on appeal" (*Sawin v Sawin*, 128 AD3d 663, 668 [2015]; *see Istomin v Istomin*, 130 AD3d 575, 576 [2015]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335 [2009]). Here, the defendant failed to include any of the papers submitted to the Supreme Court in connection with her application for counsel fees in the record on appeal. Since the record is inadequate for this Court to review the issues raised by the defendant as to this award, we dismiss the appeal from this portion of the judgment (*see Bousson v Bousson*, 136 AD3d 954 [2016]; *Sawin v Sawin*, 128 AD3d at 668).

The defendant's remaining contentions are without merit. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.