■ RAFAEL MORALES, Respondent, v LIVIA CARVAJAL, Appellant. [60 NYS3d 228]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Westchester County (Susan Capeci, J.), entered December 9, 2014. The judgment, upon a decision of that court entered October 20, 2014, made after a nonjury trial, inter alia, made an equitable distribution of the parties' property.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on July 17, 1994. There are two children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief on May 12, 2009. The parties came to an agreement regarding child custody, maintenance, and child support. Thereafter, the Supreme Court conducted a nonjury trial on issues of equitable distribution. Following the trial, the court issued a decision finding, among other things, that each party was entitled to a 50% share of the net proceeds from the sale of the marital residence, but the plaintiff was entitled to a $14,805 credit for payments that he made during the action which reduced the mortgage principal; each party was entitled to a 50% share of the value of the plaintiff's 401(k) account in accordance with *Majauskas v Majauskas* (61 NY2d 481 [1984]); and the defendant was responsible for 50% of the total amount of marital debt, payable to the plaintiff out of the defendant's share of the net proceeds of the sale of the marital residence. Thereafter, the court entered a judgment of divorce upon the decision. The defendant appeals from stated portions of the judgment of divorce.

Contrary to the defendant's contention, the plaintiff is entitled to receive a credit against the proceeds of the sale of

the marital residence for the money that he paid to reduce the balance of the mortgage during the pendency of the action (*see Goldman v Goldman*, 131 AD3d 1107, 1108 [2015]; *Le v Le*, 82 AD3d 845, 845-846 [2011]; *Markopoulos v Markopoulos*, 274 AD2d 457 [2000]). The plaintiff made these payments without any contribution from the defendant (*see e.g. Freigang v Freigang*, 256 AD2d 539, 540 [1998]). Where, as here, a party has paid the other party's share of what proves to be marital debt, such as the mortgage, taxes, and insurance on the marital residence, reimbursement is required (*see generally Scher v Scher*, 91 AD3d 842, 846 [2012]; *Epstein v Messner*, 73 AD3d 843, 845 [2010]).

Credit card debt incurred prior to the commencement of a matrimonial action constitutes marital debt and should be equally shared by the parties (*see Lamparillo v Lamparillo*, 130 AD3d 580, 582 [2015]; *Sawin v Sawin*, 128 AD3d 663, 665-666 [2015]; *see also Diaz v Gonzalez*, 115 AD3d 904, 906 [2014]). Where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witnesses and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal (*see Turco v Turco*, 117 AD3d 719, 722 [2014]; *Franco v Franco*, 97 AD3d 785, 786 [2012]; *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]). Here, the Supreme Court providently exercised its discretion in finding the defendant responsible for 50% of the marital debt, to be paid from the defendant's share of the net proceeds of the sale of the marital residence.

The Supreme Court providently exercised its discretion in directing, pursuant to the *Majauskas* formula, that each party was entitled to a 50% share of the value of the plaintiff's 401(k) account at the time of the commencement of the action (*see generally Heymann v Heymann*, 102 AD3d 832, 833 [2013]). The defendant's assertion that the court failed to equitably distribute the plaintiff's deferred compensation plans or acknowledge withdrawals made from his IRA and 401(k) accounts is belied by the record.

The defendant's remaining contention is without merit. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.