Uttamchandani v Uttamchandani (2019 NY Slip Op 06644)





Uttamchandani v Uttamchandani


2019 NY Slip Op 06644


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-08856
 (Index No. 2045/12)

[*1]Divya Uttamchandani, respondent,
v
Prakash Uttamchandani, appellant.


Assaf & Siegal PLLC, Albany, NY (Michael D. Assaf of counsel), for appellant.
Howard J. Pobiner, White Plains, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated June 2, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for a determination as to certain credits to be paid to the plaintiff from the defendant's share of the net proceeds of the sale of the former marital residence.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff a credit in the sum of $49,200, representing her share of the value of ConnectIt, LLC; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action for a judgment of divorce and ancillary relief in February 2012. Pursuant to a so-ordered pendente lite stipulation dated June 5, 2012, the defendant agreed to pay the plaintiff certain sums for maintenance and child support, and the plaintiff agreed to pay, from those funds, the carrying charges on the marital residence where she continued to live with the parties' children. Therefore, the plaintiff sought an immediate sale of the property. The defendant disagreed and wanted to buy out the plaintiff's share of the residence, but the parties were unable to agree on a fair amount. The defendant failed to make maintenance and child support payments as required, and the marital residence fell into foreclosure.
On April 15, 2013, the defendant moved for a downward modification of his pendente lite maintenance and child support obligations. Subsequently, the plaintiff moved, inter alia, to enforce the so-ordered stipulation for pendente lite support, to direct the defendant to pay his arrears thereof so that the marital residence could be taken out of foreclosure, and to place the marital residence on the market for immediate sale in an arms' length transaction. The parties' motions were held in abeyance pending trial of the action.
In a decision and order after trial dated March 6, 2015, the Supreme Court granted the defendant's motion to the extent of reducing his maintenance and child support obligations by 50% and 42%, respectively, retroactive to April 15, 2013. The court also granted the plaintiff's motion to the extent that it directed that the marital residence be placed on the market for an [*2]immediate sale in an arms' length transaction, directed both parties to fully cooperate in the sale, and directed that the defendant's arrearage would be addressed in the parties' respective distributive awards from the sale. The court also directed that the plaintiff would receive certain credits from the proceeds of the sale of the marital residence for the defendant's wasteful dissipation of certain marital assets, and that the plaintiff would receive certain payments from the defendant's share of the net proceeds of the sale, including, $24,963.25 for her equitable distributive share of a TD Ameritrade account, with the plaintiff entitled to a judgment for any deficiency thereof. The court also awarded the plaintiff one half of the accounts receivable on the books of the business ConnectIt, LLC, "as of the last date of business." A judgment of divorce was entered upon the order.
In October 2015, the plaintiff moved, inter alia, to enforce certain provisions of the judgment of divorce, including those relating to the defendant's obligation to cooperate in the sale of the marital residence, and for a determination of certain credits to be paid to the plaintiff from the defendant's share of the net proceeds of the sale. Among other things, the plaintiff sought a determination of a credit for 50% of the mortgage, taxes, and insurance she had paid on the marital residence since April 15, 2013. In the order appealed from, the Supreme Court, inter alia, determined that the plaintiff was entitled to credits of (1) $32,472.58, representing 50% of the payments she had made for the mortgage, taxes, and insurance on the marital residence; (2) $45,547.47, representing child support arrears; (3) $49,200, representing her share of the value of the defendant's business, ConnectIt, LLC; and (4) $24,963.25, representing the balance of the TD Ameritrade account. The defendant appeals, arguing that the court erred in awarding the plaintiff these credits.
The defendant contends that the Supreme Court erred in granting the plaintiff a credit for 50% of the mortgage, taxes, and insurance that she had paid on the marital residence since April 15, 2013, arguing that this resulted in the defendant making "double shelter payments" for the parties' children inasmuch as he was paying child support during the relevant period of time. We reject this contention.
The burden of repaying marital debt should be equally shared by the parties, in the absence of countervailing factors, and any such liability should be distributed in accordance with general equitable distribution principles and factors (see Westreich v Westreich, 169 AD3d 972, 976; Minervini v Minervini, 152 AD3d 666, 668; Gillman v Gillman, 139 AD3d 667, 671). It is generally the responsibility of both parties to maintain the marital residence and keep it in good repair during the pendency of a matrimonial action (see Brinkmann v Brinkmann, 152 AD3d 637, 639; Goldman v Goldman, 131 AD3d 1107, 1108; Hymowitz v Hymowitz, 119 AD3d 736, 742; Le v Le, 82 AD3d 845, 846). "Where . . . a party has paid the other party's share of what proves to be marital debt, such as the mortgage, taxes, and insurance on the marital residence, reimbursement is required" (Le v Le, 82 AD3d at 846; see Morales v Carvajal, 153 AD3d 514, 515; Goldman v Goldman, 131 AD3d at 1108).
Here, the plaintiff was entitled to receive a credit against the proceeds of the sale of the martial residence for the money that she paid to reduce the balance of the mortgage during the pendency of the action (see Morales v Carvajal, 153 AD3d at 515; Le v Le, 82 AD3d at 845-846). In deciding to award the plaintiff credit for 50% of the carrying charges, the Supreme Court considered the defendant's payment of child support, but nonetheless concluded that the plaintiff should receive 50% reimbursement. Under the circumstances of this case, where the plaintiff effectively was compelled to live in the marital residence during the subject time because of the defendant's refusal to cooperate in its sale, we agree with the court's determination to award the plaintiff a credit for 50% of the payments she made on the mortgage, taxes, and insurance on the marital residence since April 15, 2013 (cf. Markopoulos v Markopoulos, 274 AD2d 457, 459). The amount of child support paid by the defendant was less than the amount of the expenses the plaintiff incurred with respect to the marital residence and the defendant's refusal to cooperate in the sale prevented the plaintiff from reducing the housing expense for herself and the children.
Contrary to the defendant's contention, the Supreme Court did not err in awarding the plaintiff credits for $45,547.47 for child support arrears (see generally Matter of Dox v Tynon, [*3]90 NY2d 166) or $24,963.25, representing the balance of the TD Ameritrade account, as the judgment of divorce awarded her such sums, expressly to be taken from the defendant's share of the proceeds of the sale of the martial residence.
However, we agree with the defendant that the plaintiff was not entitled to a credit in the sum of $49,200, representing her share of the value of the defendant's business, ConnectIt, LLC. The judgment of divorce provided that she was to receive one half of the accounts receivable on the books of the business ConnectIt, LLC, "as of the last date of business." At the time of the subject order, the last date of business had not yet occurred, and, therefore, the plaintiff was not yet entitled to her distributive share.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court