■ ELAINE BERTAN, Appellant, v RICHMOND MEMORIAL HOSPITAL AND HEALTH CENTER, Defendant, and WILLIAM WEINSTEIN, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Richmond County (McBrien, J.), dated August 16, 1985, which denied her motion, inter alia, for a new trial; and (2) as limited by her brief, from so much of a judgment of the same court, entered October 18,

1985, as, upon a jury verdict, is in favor of the defendant William Weinstein and against her, upon a jury verdict.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The record establishes that the jury's verdict in favor of the respondent was based upon a fair interpretation of the evidence, and, thus, was not against the weight of the credible evidence (see, Nicastro v Park, 113 AD2d 129).

The plaintiff's claim that the trial court erroneously denied her application to present rebuttal testimony in order to contradict the opinion of one of the defense experts that had Dr. Weinstein caused the injury complained of, i.e., a transected ureter, the plaintiff "would never have survived [for] a month", or until the time the injury was discovered, is without merit. While "a party has the right to impeach or discredit the testimony of an opponent" upon rebuttal (Ankersmit v Tuch, 114 NY 51, 55; see, Frias v Fanning, 119 AD2d 796; Richardson, Evidence § 517 [Prince 10th ed]), we perceive no abuse of discretion in this regard, particularly since, as the trial court observed, the plaintiff's expert, whom she sought to recall to the stand, was specifically and extensively questioned as to the effects that a severed ureter would have upon a patient. The plaintiff's remaining allegations of error concerning the conduct of the trial, which are presented in a manner not suitable for an appellate brief (see, CPLR 5528), are similarly unavailing.

Finally, the trial court properly denied the plaintiff's motion for a new trial based on newly discovered evidence or for a hearing to delve into the potential evidence. She alleged that this evidence could have demonstrated that Dr. Weinstein fraudulently tampered with the record of his surgical procedure upon the plaintiff, specifically, that he replaced the typewritten record with a subsequently handwritten report, the latter of which was part of the hospital record and admitted into evidence. The application was procedurally

defective inasmuch as it was not made within 15 days after verdict, as prescribed by CPLR 4405 *(see,* CPLR 4405, 5015 [a] [2]). On a substantive level, the plaintiff failed to demonstrate that the witnesses who possessed this alleged evidence could not have been discovered earlier with due diligence *(see, Futterman v Mintzer,* 111 AD2d 219; *Levantino v Insurance Co.,* 102 Misc 2d 77, 80-81), particularly since the plaintiff was in possession of the hospital records for at least seven years prior to trial and thus had every opportunity, had she suspected an irregularity, to investigate the recording practices of both the doctor and the hospital. Moreover, the plaintiff has failed to establish that the evidence is "of such a nature, and is so positive and convincing, that it [would have], in all probability, produce[d] a different result" *(Collins v Central Trust Co.,* 226 App Div 486, 488). Indeed, the plaintiff has acknowledged her inability to identify the substance of the information which the witnesses would have provided, other than that the report had been typewritten, and, as such, the motion was predicated on mere surmise and speculation insufficient to warrant further inquiry *(see, Futterman v Mintzer, supra; Oregon Leopold Day Center Assn. v Di Marco Constructors Corp.,* 104 AD2d 719). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.