■ EMIL MICELI, Respondent, v CONSTANCE B. MICELI, Appellant. [650 NYS2d 241] —In an action for equitable distribution of marital property following the entry of a judgment of divorce in the State of Florida, the defendant former wife appeals from an order of the Supreme Court, Queens County (Posner, J.), dated June 26, 1995, which granted the plaintiff former husband's motion to restore the action to the trial calendar but precluded the plaintiff from offering evidence as to any issues for which he failed to provide information in response to the defendant's discovery requests.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The court improvidently exercised its discretion in restoring the action to the trial calendar inasmuch as the plaintiff failed to comply with his discovery obligations. The sanction of preclusion imposed by the court is not a satisfactory remedy in this case. Unlike a negligence action where a preclusion order may foreclose presentation of a prima facie case or defense, the preclusion of proof in an equitable distribution action could permit a party to secrete the very property the other party is seeking to discover. If the plaintiff persists in his failure to comply with discovery requests, a more appropriate sanction in this case would be to deem true the defendant's allegations regarding the property about which discovery has been withheld. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.