OPINION OF THE COURT
William Rigler, J.
This application by plaintiffs counsel to withdraw presents this court with the opportunity to address the nature of stays in proceedings when attorneys seek to withdraw from a case. *665 This issue arises quite often in matrimonial cases of which this action is one. In order to fully address this issue the court must review the statute which most parties, counsel and litigants alike, refer to when the issue of a stay springs forth in a case. This statute is CPLR 321 (c). It reads: “(c) Death, removal or disability of attorney. If an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney have been served upon that party either personally or in such manner as the court directs.”
The matrimonial courts have often applied the substance of CPLR 321 (c) to cases where an attorney makes an application to withdraw. The basis for this accommodation to the parties is to permit the matters to proceed with counsel in the very emotional realm of family law. In such cases the need for the reasoned hand of counsel is often more important than in any other area of law. However, a close reading of the statute indicates that the matrimonial courts, or any court for that matter, need not find the existence of an automatic stay upon the granting of withdrawal of counsel. The statute applies only to “Death, removal or disability of attorney.” The statute does not specifically apply to cases in which an attorney withdraws with leave of the court. Furthermore, it clearly does not apply to cases in which the party discharges their attorney (see, Craco Constr. Corp. v Eves, 232 AD2d 370; Levine v City of New York, 111 AD2d 785; Blondell v Malone, 91 AD2d 1201). In the present case, plaintiffs counsel made an application to withdraw to which plaintiff consented. This is akin to a discharge of counsel and thus plaintiff should not receive the benefit of an automatic stay as provided for in CPLR 321 (c).
Furthermore, even if the dictates of CPLR 321 (c) were to apply to a case such as this, the stay only applies to the unilateral actions of counsel. The statute specifically cites that no action may be taken against a party whose counsel has died, become physically or mentally incapacitated, or is removed, suspended or otherwise disabled “without leave of the court”. Defendant has requested that this matter continue and that the stay granted to plaintiff as part of the order to show cause seeking discharge of counsel be vacated. In light of the nature of this litigation which includes the question of custody of a child as well as the threat of deportation if a new spousal peti *666 tion is not filed soon with the Immigration and Naturalization Service, the court finds that it would be inappropriate for the 30-day stay to apply to this matter. Obviously, by permitting an application for leave of the court to vacate a stay the Legislature was granting to the courts discretion in the interest of justice to allow matters to proceed even when an attorney is no longer able to represent a party. This matter is just such a case where justice dictates that the matter proceed.
Accordingly, the matter having come on before the court it is ordered that:
(1) The application by the firm of Ellenbogen & Goldstein, P. C. for leave to withdraw as attorneys of record for plaintiff, Greg Amari, is granted.
(2) The application by the firm of Ellenbogen & Goldstein, P. C. for a charging lien in the amount of $2,302.13 is granted.
(3) The previously granted stay of proceedings contained in the order to show cause dated March 19, 1999 is hereby vacated.
(4) The application made by defendant seeking leave to inter alia amend her answer to include a counterclaim is held in abeyance. Plaintiff is granted to April 20, 1999 to submit opposition papers to these applications.