■ SPIROS TZANOPOULOS, Appellant, v GEORGIA TZANOPOULOS, Respondent. [795 NYS2d 254]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), entered August 22, 2003, as, after a nonjury trial, failed to award him a portion of the appreciated value of the defendant's separate property located in Cyprus, and directed him to pay child support to the defendant in the sum of $282.78 per week, and to pay to the defendant the sum of $115,000 as and for the difference in the appraised values of two properties separately awarded to each party.

Ordered that the judgment is modified, on the facts, by deleting from the fifth decretal paragraph thereof the provision awarding the defendant the sum of $115,000, and substituting therefor a provision awarding the defendant the sum of $40,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly declined to award to the plaintiff any share of the defendant's separate property located in Cyprus, which she obtained by gift and inheritance from her family, since he failed to establish that the alleged appreciation in value of this separate property was caused by his direct or

indirect contributions and efforts (*see Price v Price,* 69 NY2d 8 [1986]; *Smith v Smith,* 154 AD2d 365 [1989]). The record does not support the plaintiff's contention that his financial support allowed the defendant to devote time toward the development of the Cyprus property. The development of the property was carried out substantially by local agents hired by the defendant. In any event, the plaintiff failed to establish by competent evidence the monetary value of the alleged appreciation of the Cyprus property.

The Supreme Court also properly imputed the sum of $800 per week income to the plaintiff for purposes of determining child support. In determining a party's child support obligation, a court may impute income based upon that party's past employment history and earning capacity (*see Bittner v Bittner,* 296 AD2d 516 [2002]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476 [2000]; *McGrath v McGrath,* 261 AD2d 369 [1999]). Here the imputed income figure was based on the plaintiff's actual earning history, and therefore was rationally based.

However, the court improperly calculated the monetary amount which the defendant was awarded in equitable distribution regarding two investment properties acquired by the parties during the marriage. Prior to trial the parties executed a series of stipulations whereby it was agreed that they would each retain one of these properties and that respective values would be adjusted at trial to reflect an even distribution of these assets. After trial the court concluded that the defendant was entitled to a $115,000 payment from the plaintiff because the appraised value of property awarded to her was $115,000 less than the appraised value of the property awarded to him. However, the court failed to take into account that each of the properties were mortgaged, and it also failed to properly divide the difference. Once the mortgages are factored into account, the equity remaining on the property awarded to the plaintiff amounted to $280,000, and the equity remaining on the property awarded to the defendant amounted to $200,000. Therefore, the total amount of equity to be divided between the parties was $480,000, or $240,000 each. Since the defendant had already received property with an equity value of $200,000, she was only entitled to a monetary award of $40,000 from the plaintiff as and for the difference in the appraised values of the two investment properties. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.