■ SUMIKO FAULKNER, Respondent, v DUANE K. FAULKNER, Appellant. [796 NYS2d 467]—

Appeal from a judgment of the Supreme Court, Allegany County (James E. Euken, A.J.), entered April 1, 2004. The judgment, among other things, dissolved the marriage between plaintiff and defendant.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of defendant that Supreme Court erred in permitting him to proceed pro se in this divorce action following the withdrawal of his attorney. The record establishes that defendant chose to proceed pro se after he either discharged his attorney or instigated and consented to the attorney's request to withdraw. The record further establishes that the court advised defendant of the dangers of self-representation and offered him an adjournment to obtain new counsel. Thus, we conclude that "defendant was properly permitted to proceed *pro se* and he 'may not now be heard to complain that he was prejudiced as a result thereof' " (*Kalra v Kalra*, 170 AD2d 579, 580 [1991], *lv dismissed* 78 NY2d 1070 [1991], quoting *Tesoriero v Tesoriero*, 114 AD2d 1027, 1027 [1985]; *see Matter of Bombard v Bombard*, 254 AD2d 529, 529-

530 [1998], *lv denied* 93 NY2d 804 [1999]). Contrary to the further contention of defendant, he was not entitled to the 30-day stay provision of CPLR 321 (c) under the circumstances of this case (*see Graco Constr. Corp. v Eves*, 232 AD2d 370 [1996]; *Amari v Molloy*, 180 Misc 2d 664, 665 [1999]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.