■ In the Matter of JOSEPH SHTEIERMAN, Appellant, v YITTY SHTEIERMAN, Respondent. [815 NYS2d 224]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Joseph Shteierman appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Nelson, J.), entered September 23, 2004, as, in effect, granted on consent, those branches of the motion of Yitty Shteierman which were to confirm an arbitration award directing him to pay child support and one half of the children's private school tuition, and awarding ownership of the marital home to Yitty Shteierman.

Ordered that the appeal is dismissed, with costs.

The husband, Joseph Shteierman, and the wife, Yitty Shteierman, agreed to submit certain matrimonial claims to arbitration by a beth din in accordance with Jewish law. The beth din, inter alia, directed the husband to pay child support for the parties' children and one half of the children's private school tuition, and awarded the wife ownership of the marital home. The wife commenced a proceeding to confirm the award. The husband expressly did not oppose, and, in effect, consented to, the award regarding child support, school tuition, and ownership of the marital home. Therefore, those portions of the order and judgment were, in effect, entered on consent. As such, the appeal must be dismissed as no appeal lies from an order or judgment entered upon the consent of the appealing party (see CPLR 5511; *Matter of Gittens v Chin-On,* 19 AD3d 596 [2005]; *Silber v Silber,* 204 AD2d 527, 528 [1994]; *Goodman v Goodman,* 150 AD2d 636 [1989]; Siegel, NY Prac § 525, at 893 [4th ed]). Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.