■ WLADYSLAW BRZOZOWY, Appellant, v ELRAC, INC., et al., Respondents. [833 NYS2d 590]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Balter, J.), dated October 25, 2005, as, upon a jury verdict on the issue of liability finding him 60% at fault and the defendants 40% at fault in the happening of the accident, and upon a jury verdict finding that he sustained damages in the sums of only $25,000 for past medical expenses, $30,000 for past lost earnings, $175,000 for past pain and suffering, $25,000 for future pain and suffering, $25,000 for future medical expenses, and $10,000 for future lost earnings, is in favor of him and against the defendants in the principal sum of only $116,000 (40% of $290,000) and (2) from an order of the same court dated January 18, 2006, which denied his motion, denominated as one for leave to renew and reargue pursuant to CPLR 2221, but which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdicts and for a new trial.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages for past pain and suffering and future pain and suffering, and a new trial is granted on the issue of those damages only; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $175,000 to the sum of $375,000, to increase the verdict as to damages for future pain and suffering from the sum of $25,000 to the sum of $225,000, to increase the net award of damages from the principal sum of $116,000 to the principal sum of $276,000 (40% of $690,000), and to the entry of an appropriate amended judgment accordingly; in the event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was, in effect, to set aside the jury verdict as to past pain and suffering and future pain and suffering, and for a new trial thereon, is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff's contention that the defendants' attorney made certain comments in his opening statement in the damages portion of the trial that deprived him of a fair trial is unpreserved

for appellate review (*see Friedman v Marcus*, 32 AD3d 820 [2006]; *Doyle v Nusser*, 288 AD2d 176 [2001]). In any event, the contention is without merit (*see Vingo v Rosner*, 29 AD3d 896, 897 [2006]; *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346 [1993]).

The trial court properly excluded expert testimony proffered by the plaintiff regarding his need for a future hip replacement because he failed to specifically allege his need for this surgery in any of his bills of particulars (*see Diarassouba v Urban*, 24 AD3d 602, 603 [2005]; *Johnson v Lazarowitz*, 4 AD3d 334, 335 [2004]; *Palchik v Eisenberg*, 278 AD2d 293, 294 [2000]).

The damages awarded were inadequate to the extent indicated herein (*see* CPLR 5501 [c]).

Finally, the plaintiff submitted a motion, denominated as one for leave to renew and reargue but which was, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdicts and for a new trial. As the motion was made more than two months after the jury verdict on the issue of damages, it was properly denied as untimely (*see* CPLR 4405; *Casey v Slattery*, 213 AD2d 890, 891 [1995]; *Bertan v Richmond Mem. Hosp. & Health Ctr.*, 131 AD2d 799, 800-801 [1987]). In light of our determination granting a new trial as to past and future pain and suffering, the appeal from so much of the order as denied that relief has been rendered academic. Mastro, J.P., Florio, Carni and McCarthy, JJ., concur. [*See* 11 Misc 3d 1055(A), 2006 NY Slip Op 50220(U) (2006).]