■ SALEMA KHAN SALEH, Respondent, v ADEL SALEH, Appellant. [836 NYS2d 201]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Kings County (Sunshine, J.), dated August 2, 2005, and (2), as limited by his brief, from stated portions of a judgment of the same court entered August 5, 2005, which, upon the decision, as amended, and after a nonjury trial, inter alia, dissolved the marriage upon, in effect, his consent, and equitably distributed the parties' marital assets.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the judgment as dissolved the parties' marriage upon, in effect, the defendant's consent, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the judgment as dissolved the parties' marriage must be dismissed because that portion of the judgment was, in effect, entered upon the defendant's consent, and thus, the defendant is not aggrieved thereby (*see* CPLR 5511; *Tongue v Tongue,* 61 NY2d 809 [1984]; *Matter of Shteierman v Shteierman,* 29 AD3d 810 [2006]).

The trial court "is vested with broad discretion in making an equitable distribution of marital property" (*Bossard v Bossard,* 199 AD2d 971, 971 [1993]), and unless it can be shown that the court improvidently exercised that discretion, its determination

should not be disturbed (see Oster v Goldberg, 226 AD2d 515 [1996]). Upon consideration of each party's credibility and the particular facts presented in this case, including the defendant's failure to comply with court-ordered demands for discovery regarding the subject businesses, his failure to pay for a court-appointed neutral appraiser to appraise the businesses, as directed by the court, and his invocation of his Fifth Amendment privilege against self-incrimination on several occasions in response to questions regarding unreported income and the finances of the businesses, we perceive no basis for disturbing the trial court's equitable distribution award (cf. Miceli v Miceli, 233 AD2d 372 [1996]). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.