■ MARY ANN DUDLA, Respondent, v ALAN DUDLA, Appellant. [857 NYS2d 253]—

Malone Jr., J. Appeals (1) from a judgment of the Supreme Court (Nolan, Jr., J.), entered December 21, 2005 in Saratoga County, granting defendant a divorce and ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered September 26, 2006 in Saratoga County, which denied defendant's motion to vacate certain portions of the judgment.

The parties were married in October 1987 and have no children. Following a brief separation, they entered into a postnuptial agreement in July 1997 concerning the distribution of certain property, including the marital residence. The parties separated again in 2002. In 2004, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment. Defendant, in turn, served a pro se answer in which he asserted a counterclaim for divorce on the ground of cruel and inhuman treatment and sought vacatur of the postnuptial agreement. Thereafter, defendant made a number of applications seeking, among other things, discovery and vacatur of the postnuptial agreement. Supreme Court denied the relief requested.

During the course of the proceedings, the parties indicated that they wished to dissolve the marriage. To this end, plaintiff agreed not to pursue her complaint for divorce, but to allow the divorce to proceed on the ground alleged in defendant's counterclaim. Defendant consented to this proposed disposition and a trial was thereafter held on the distribution of the parties' marital property. At the conclusion of the trial, defendant submitted posttrial proposed findings of fact and conclusions of law asserting, among other things, that there was insufficient evidence supporting the ground for the divorce. Supreme Court rejected this contention and rendered a decision and judgment granting the divorce and equitably distributing the marital assets. Defendant's subsequent motion to, among other things, vacate portions of the judgment fixing the value of the marital residence and furnishings was denied by Supreme Court. Defen-

dant appeals from this order as well as the judgment rendered after trial.

We turn first to defendant's contention that there is insufficient evidence supporting the ground on which the divorce was granted. The transcript of the proceedings clearly establishes that defendant consented to the divorce based on his counterclaim. In view of this, he is not aggrieved by that part of the judgment granting him such relief and, therefore, this issue is not subject to review (*see Tongue v Tongue*, 61 NY2d 809, 810 [1984]; *Saleh v Saleh*, 40 AD3d 617, 617 [2007]; *Finn v Finn*, 277 AD2d 834, 836 [2000]; *see also* CPLR 5511).

Defendant further asserts that the postnuptial agreement should have been vacated because it is unconscionable. We find this argument to be unpersuasive. The provisions of the agreement obligating defendant to transfer his interest in the marital residence to plaintiff and to continue to pay his share of household expenses were reasonable given that it was defendant who left plaintiff with the responsibilities of the marital residence at the time of the parties' separation. We do not find, under the circumstances presented, that these or the other provisions of the agreement "shock the conscience" such as to warrant setting it aside (*Tremont v Tremont*, 35 AD3d 1046, 1048 [2006]; *see Christian v Christian*, 42 NY2d 63, 71 [1977]; *Garner v Garner*, 46 AD3d 1239, 1240 [2007]).

In any event, Supreme Court determined that the marital residence was a marital asset, the value of which was to be distributed equally between the parties. The court valued this asset at $184,500 based upon information contained in plaintiff's testimony, interrogatories and statement of net worth. Defendant contends that a higher value was warranted and that plaintiff fraudulently misrepresented the value. Yet, at trial, he provided no proof regarding the value of the residence, nor did he dispute the value proffered by plaintiff. His statement of net worth, also admitted into evidence, left the section concerning real property blank. He failed to submit a written appraisal of the marital residence at trial even though Supreme Court specifically advised him of his right to do so. He also failed to provide proof that plaintiff engaged in fraud. Defendant further neglected to adduce proof of the value of personal property and furnishings acquired after the execution of the postnuptial agreement, which he also claims should have been part of the distributive award. Based upon the limited proof on the value of the residence and personalty, the court did not err in its valuation and distribution of these assets.

Given the parties' respective financial positions and the fact

that plaintiff was not awarded any portion of defendant's business, but was partially responsible for the payment of defendant's business debt through the refinancing of the mortgage on the marital residence, we find no abuse of discretion in Supreme Court's exclusion of plaintiff's pension from the distributive award (*see e.g. Redgrave v Redgrave*, 13 AD3d 1015, 1017 [2004]). Defendant's remaining contentions have been considered and have been found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.