■ In the Matter of JOHN L.P., Deceased, a Person Alleged to be Incapacitated. SAMUEL BOYKIN, Respondent; EMANI P. TAYLOR, Appellant. [898 NYS2d 465]—In a guardianship proceeding pursuant to Mental Hygiene Law article 81, the former interim successor guardian, Emani P. Taylor, appeals from a judgment of the Supreme Court, Kings County (Ambrosio, J.), dated July 28, 2008, which, upon an order of the same court dated June 30, 2008, made after a hearing, awarding the estate of John L.P., the incapacitated person, a money judgment against her, is in favor of the estate of John L.P. and against her in the principal sum of $403,148.86.

Ordered that the judgment is affirmed, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the request of the appellant, a recently suspended attorney, for an adjournment to obtain new counsel where the appellant consented to the withdrawal of her attorney at the commencement of the hearing (*see Hendry v Hilton*, 283 App Div 168, 171 [1953]). Moreover, contrary to the appellant's contention, the interim stay provision in CPLR 321 (c) is inapplicable in cases such as this, where an attorney's removal is caused by the voluntary act of both the attorney and the client (*see Hendry v Hilton*, 283 App Div 168 [1953]).

In addition, the appellant's contention that the Supreme Court violated CPLR 321 (a) by forcing her Professional Corporations to proceed pro se also lacks merit. The hearing at issue concerned only the appellant's misappropriation of funds, and the Professional Corporations were not parties to the proceeding (*see* CPLR 321 [c]).

The appellant's remaining contention is without merit. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur. **[Prior Case History: 20 Misc 3d 1111(A), 2008 NY Slip Op 51316(U).]**