■ JOANNE CAPACE TURCO, Appellant-Respondent, v JAMES TURCO, Respondent-Appellant. [985 NYS2d 261]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered March 30, 2011, which, upon a decision of the same court dated November 10, 2010, and an amended decision of the same court dated November 18, 2010, made after a nonjury trial, inter alia, (1) upon consent, awarded the plaintiff a divorce on the ground of constructive abandonment, (2) failed to award the plaintiff a marital share of the defendant's interest in his commercial bakery business, (3) awarded the defendant a credit against the proceeds of the sales of three marital properties for 100% of the amount he paid to reduce the mortgage principal on these properties during the pendency of the action, (4) awarded the plaintiff maintenance in the sum of only $48,000 per year for a period of seven years, and (5) awarded the plaintiff child support in the sum of only $548.38 per week, and the defendant cross-appeals, as limited by his brief, from stated portions of the judgment which, inter alia, failed to direct that the plaintiff is responsible for the carrying charges on the marital residence during the post judgment period of exclusive occupancy.

Ordered that the appeal from so much of the judgment as, upon consent, awarded the plaintiff a divorce on the ground of constructive abandonment is dismissed; and it is further,

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding a provision

thereto awarding the plaintiff 14.5% of the defendant's interest in his commercial bakery business; (2) by reducing the award to the defendant of a credit against the proceeds of the sales of three marital properties from 100% to 50% of the amount he paid to reduce the mortgage principal on these properties during the pendency of the action, (3) by adding a provision thereto directing that the plaintiff is responsible for the carrying charges on the marital residence during the post judgment period of exclusive occupancy, (4) by adding a provision thereto awarding the plaintiff a credit against the proceeds of the sale of the marital residence for 100% of the amount she pays to reduce the mortgage principal from the date of the judgment until the sale of the marital residence, (5) by deleting the provision thereof awarding the plaintiff maintenance in the sum of $48,000 per year for a period of seven years, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $6,000 per month for a period of seven years, and (6) by deleting the provision thereof awarding the plaintiff child support in the sum of $548.38 per week, and substituting therefor a provision awarding the plaintiff child support in the sum of $914.55 per week, subject to reduction to the sum of $621.89 per week when the parties' eldest child reaches the age of 21; as so modified, the judgment is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment.

The plaintiff's appeal from so much of the judgment as awarded her a divorce on the ground of constructive abandonment must be dismissed because that portion of the judgment was entered upon her consent, and, thus, she is not aggrieved thereby (*see* CPLR 5511; *Tongue v Tongue*, 61 NY2d 809, 810 [1984]; *Dudla v Dudla*, 50 AD3d 1255, 1256-1257 [2008]; *Saleh v Saleh*, 40 AD3d 617, 617 [2007]; *Shifer v Shifer*, 27 AD3d 549, 549 [2006]).

"The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217 (b) rests within the sound discretion of the court" (*Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881, 883 [2013]; *see Tucker v Tucker*, 55 NY2d 378, 383 [1982]). "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (*Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d at 883 [internal quotation marks omitted]; *see Tucker v Tucker*, 55 NY2d at 383-384). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's ap-

plication, in effect, to voluntarily discontinue the action, made on the first day of trial, since the record supports a finding that she was merely attempting to avoid an adverse order of the court (*see Kaplan v Village of Ossining*, 35 AD3d 816, 817 [2006]; *Casey v Custom Crushing & Materials*, 309 AD2d 726, 727 [2003]), and there was a showing that the defendant would be prejudiced by such discontinuance.

"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Delijani v Delijani*, 100 AD3d 823, 824 [2012]; *Matter of Branch v Cole-Lacy*, 84 AD3d 953, 954 [2011]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651 [2006]; *see Matter of Tripp*, 101 AD3d 1137, 1138 [2012]). Given the numerous prior adjournments and the extensive delays in this action, as well as the plaintiff's history of discharging counsel, the Supreme Court providently exercised its discretion in denying her request during trial for an adjournment to obtain new counsel (*see Matter of John L.P. [Boykin—Taylor]*, 72 AD3d 828 [2010]; *Matter of Sicurella v Embro*, 31 AD3d at 651; *Faulkner v Faulkner*, 19 AD3d 1092 [2005]; *Natoli v Natoli*, 234 AD2d 591 [1996]).

In light of the Supreme Court's finding that the defendant's interest in his commercial bakery business had increased from 50% at the time of the parties' marriage, to 79% by the time of trial, this 29% increase in interest, purchased by the defendant with marital funds, constituted marital property and, therefore, the plaintiff is entitled to one-half thereof, or a 14.5% interest (*see* Domestic Relations Law § 236 [B] [1] [c]; [5] [c]; *Beroza v Hendler*, 71 AD3d 615, 617 [2010]; *Wegman v Wegman*, 123 AD2d 220, 230 [1986]).

As to that portion of the defendant's interest in his business that was acquired before the marriage and is separate property (*see* Domestic Relations Law § 236 [B] [1] [d] [1]), in order for appreciation in the value of this asset to be deemed marital property subject to equitable distribution, the plaintiff was required to "demonstrate the manner in which [her] contributions resulted in the increase in value and the amount of the increase which was attributable to [her] efforts" (*Embury v Embury*, 49 AD3d 802, 804 [2008] [internal quotation marks omitted]; *see Price v Price*, 69 NY2d 8, 18 [1986]). The plaintiff, however, did not sustain her burden of proof (*see Morales v Inzerra*, 98 AD3d 484, 484 [2012]; *Embury v Embury*, 49 AD3d at 804; *Tzanopoulos v Tzanopoulos*, 18 AD3d 464, 465 [2005]; *Burgio v Burgio*, 278 AD2d 767, 770 [2000]).

"The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Saleh v Saleh*, 40 AD3d 617, 617-618 [2007] [internal quotation marks and citation omitted]; *see Aloi v Simoni*, 82 AD3d 683, 685 [2011]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *see Franco v Franco*, 97 AD3d 785, 786 [2012]). Here, there is no basis to disturb the Supreme Court's determinations regarding the equitable distribution of the parties' property. However, the Supreme Court improvidently exercised its discretion in awarding the defendant a credit against the proceeds of the sales of three marital properties for 100% of the amount he paid to reduce the mortgage principal on these properties during the pendency of the action. Since the mortgages are marital debt, to be shared equally by the parties (*see Epstein v Messner*, 73 AD3d 843, 845 [2010]), and "[g]enerally, it is the responsibility of both parties to maintain the marital residence . . . during the pendency of a matrimonial action," the defendant was entitled to only a 50% credit for the reduction in mortgage principal during the pendency of the action (*Le v Le*, 82 AD3d 845, 846 [2011] [internal quotation marks omitted]; *see Judge v Judge*, 48 AD3d 424, 425-426 [2008]; *Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]; *Litman v Litman*, 280 AD2d 520, 522 [2001]).

However, the Supreme Court erred when it awarded the plaintiff maintenance of only $48,000 per year. The defendant's account of his own finances was not believable, and thus, the Supreme Court was not bound by it (*see Cusumano v Cusumano*, 96 AD3d 988, 989 [2012]; *Ivani v Ivani*, 303 AD2d 639 [2003]). Rather, given that the defendant's expenses, as outlined in his statement of net worth, exceeded his claimed income by more than $100,000, and that he operated a cash business, determined his own salary, and did not take any distributions from his business, the Supreme Court should have imputed an additional $100,000 in income to him (*see Ashmore v Ashmore*, 92 AD3d 817, 819 [2012], *cert denied* 568 US —, 133 S Ct 1642 [2013]; *see also Scammacca v Scammacca*, 15 AD3d 382 [2005]; *Matter of Klein v Klein*, 251 AD2d 733, 735 [1998]). Considering that additional imputed income, along with the comfortable lifestyle the parties enjoyed during this 15-year marriage, the distribu-

tion of marital property, the health of the parties, and the plaintiff's ability to become self-supporting, the plaintiff is entitled to an award of maintenance in the sum of $6,000 per month for seven years (*see* Domestic Relations Law § 236 [B] [6] [a]; *Cusumano v Cusumano*, 96 AD3d at 989-990; *Lovece v Lovece*, 245 AD2d 345, 346-347 [1997]). However, the maintenance award was properly made taxable to the plaintiff (*see Baron v Baron*, 71 AD3d 807, 810 [2010]).

Similarly, in calculating child support pursuant to the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]), the Supreme Court should have imputed an additional annual income of $100,000 to the defendant (*see Ashmore v Ashmore*, 92 AD3d at 819; *Cusumano v Cusumano*, 96 AD3d at 989). The Supreme Court, however, properly imputed an annual income of $20,000 to the plaintiff, which "represent[ed] her past demonstrated earning capacity" (*DiFiore v DiFiore*, 87 AD3d 971, 974 [2011]; *see Sotnik v Zavilyansky*, 101 AD3d 1102, 1103 [2012]; *Mosso v Mosso*, 84 AD3d 757, 758-759 [2011]). As a result, taking into account the $72,000 award of maintenance, the parties' combined income is $210,195. An application of the statutory rate of 25% for the parties' two children results in a basic child support obligation of $52,548.75, and the defendant's pro rata share is $914.55 per week, which, because the parties' eldest child has since turned 21 during the pendency of this appeal, must be reduced to $621.89 (*see* Domestic Relations Law § 240 [1-b] [b] [3] [i], [ii]; *Beroza v Hendler*, 109 AD3d 498, 501-502 [2013]; *Matter of Cancilla v Cancilla*, 22 AD3d 490, 491 [2005]).

The plaintiff moved pursuant to CPLR 4404 (b), inter alia, to set aside certain portions of the decision and for a new trial. Since the motion was not made within 15 days after the decision, and the plaintiff failed to demonstrate good cause for the delay, the Supreme Court providently exercised its discretion in denying the motion as untimely (*see* CPLR 4405; *Brzozowy v ELRAC, Inc.*, 39 AD3d 451, 453 [2007]; *cf. Ehrman v Ehrman*, 67 AD3d 955, 956 [2009]) and, in any event, correctly determined that the motion was improperly based on evidence known and accessible to the plaintiff but not introduced at the trial (*see Da Silva v Savo*, 97 AD3d 525, 526 [2012]; *Grossbaum v Dil-Hill Realty Corp.*, 58 AD2d 593, 594 [1977]; *Stambaugh v Stambaugh*, 226 AD2d 363 [1996]; *cf. Matter of Torregroza v Gomez*, 85 AD3d 932, 933 [2011]).

We agree with the defendant that the Supreme Court intended to make the plaintiff responsible for the carrying charges on the marital residence during her postjudgment period of exclusive occupancy, and we modify the judgment by specifically directing

that the plaintiff is responsible for the carrying charges on the marital residence. However, the Supreme Court improvidently exercised its discretion in failing to award the plaintiff a credit against the proceeds of the sale of the marital residence for 100% of the amount she pays to reduce the mortgage principal from the date of the judgment until the sale of the marital residence (see *Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]).

The parties' remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.