(March 11, 2015)

David Aguirre, Appellant, v Karin Sabbeth, Respondent. [5 NYS3d 481]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Santorelli, J.), entered April 12, 2013, as, upon a decision of the same court dated January 8, 2013, made after a nonjury trial, awarded the defendant 30% of the value of his enhanced earning capacity and the sum of $18,000 in counsel fees, and (2) so much of an order of the same court dated July 15, 2013, as granted that branch of the defendant's motion which was for an award of counsel fees in the sum of $2,570 for services rendered in connection with proceedings to enforce the judgment.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"A trial court is vested with broad discretion in making an

equitable distribution of marital property, and 'unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' " (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness[es] and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d at 990-991[citations omitted]; *see Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]).

In the instant matter, the Supreme Court properly determined that the defendant was entitled to a 30% share of the plaintiff's enhanced earning capacity. Although the defendant did not make direct financial contributions to the plaintiff's attainment of his veterinary degree and license, she made substantial indirect contributions by, inter alia, supporting his educational endeavors and the advancement of his career, working full-time while the plaintiff attended school, except for those periods of time when she was on medical leave, contributing her earnings to household bills and expenses, and assuming primary responsibility for the household duties (*see Jayaram v Jayaram*, 62 AD3d 951, 953 [2009]; *Chamberlain v Chamberlain*, 24 AD3d 589, 594 [2005]; *Miklos v Miklos*, 9 AD3d 397, 399 [2004]).

Moreover, the Supreme Court's award of $18,000 to the defendant for counsel fees in connection with this action, as well as the subsequent award of $2,570 to the defendant for counsel fees incurred in enforcing the plaintiff's obligations under the judgment, were provident exercises of discretion (*see Franco v Franco*, 97 AD3d 785, 786-787 [2012]; *Jones v Jones*, 92 AD3d 845, 848 [2012]; *D'Anna v D'Anna*, 17 AD3d 400, 402 [2005]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.