■ RACHEL GRABELSKY, Respondent, v ADAM W. HANDLER, Appellant. [8 NYS3d 367]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Putnam County (Nicolai, J.), entered June 13, 2013, as, after a nonjury trial, awarded the plaintiff 50% of the value of a corporation which was a marital asset, valued the corporation as of the commencement date of the action, directed that the defendant satisfy the plaintiff's distributive award out of his retirement account, and failed to award him a credit for the amounts he paid to reduce the principal balance of the mortgage on the former marital residence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the defendant to satisfy the distributive award from his retirement account; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (*see Aloi v Simoni*, 82 AD3d 683, 685 [2011]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]).

Moreover, where, as here, "the determination as to equitable distribution has been made after a nonjury trial, the evaluation of the credibility of the witness and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009] [citations omitted]; *see Turco v Turco*, 117 AD3d 719, 722 [2014]; *Franco v Franco*, 97 AD3d 785, 786 [2012]).

There is no basis to disturb the Supreme Court's determina-

tions regarding the equitable distribution of the parties' property (see Turco v Turco, 117 AD3d at 722). The business that the defendant had established, which employed both parties, was an active asset that was properly valued at or near the time of the commencement of the action, rather than the time of trial (see Grunfeld v Grunfeld, 94 NY2d 696, 707-708 [2000]; Iwanow v Iwanow, 39 AD3d 471 [2007]).

The Supreme Court is given broad discretion in allocating the assets and debts of the parties to a marriage, and may consider the entirety of the marital estate in apportioning responsibility for debts (see Corless v Corless, 18 AD3d 493, 494 [2005]). In light of evidence of the defendant's willful dissipation of marital assets, we see no basis for disturbing the court's award of equitable distribution (see Saleh v Saleh, 40 AD3d 617 [2007]), including the denial of the defendant's request for reimbursement for the amounts he paid to reduce the principal of the mortgage on the former marital residence.

However, the Supreme Court erred in directing that the defendant satisfy the plaintiff's distributive award out of his retirement account, since the defendant would be subject to income taxes and a penalty for early withdrawal in connection with any such distribution from his retirement account, a consequence that we deem to be inequitable under the circumstances of this case (see Patricia B. v Steven B., 186 AD2d 609, 613 [1992]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.