SUBASH DIWAN, Respondent-Appellant, v MOHINI DIWAN, Appellant-Respondent. [24 NYS3d 352]—

Appeal and cross appeal from a judgment of divorce of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered January 24, 2014. The judgment, insofar as appealed from, upon a decision dated November 25, 2013, made after a nonjury trial, awarded the plaintiff one half of the marital assets and the sum of $60,000 in attorney's fees and costs. Insofar as cross-appealed from, the judgment declined to award the plaintiff

maintenance, valued the jewelry acquired during the marriage at $1,000, and denied the plaintiff's application for half of the alleged profits from the parties' rental properties received by the defendant during the pendency of the action.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married in 1973 and, in 2011, the plaintiff commenced this action for a divorce and ancillary relief. On January 24, 2014, after a nonjury trial, the Supreme Court entered a judgment of divorce awarding the plaintiff one half of the marital assets and the sum of $60,000 in attorney's fees and costs. The Supreme Court declined to award the plaintiff maintenance, valued the jewelry acquired during the marriage at $1,000, and denied the plaintiff's application for half of the alleged profits from the parties' rental properties received by the defendant during the pendency of the action. The defendant appeals and the plaintiff cross-appeals from the judgment of divorce.

"The trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Renck v Renck*, 131 AD3d 1146, 1149 [2015] [internal quotation marks omitted]; *see Grabelsky v Handler*, 127 AD3d 1141, 1141 [2015]; *Aguirre v Sabbeth*, 126 AD3d 732, 732-733 [2015]). Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, "the evaluation of the credibility of the witness[es] and the proffered items of evidence is committed to the sound discretion of the trial court, and its assessment of the credibility of witnesses and evidence is afforded great weight on appeal" (*Grabelsky v Handler*, 127 AD3d at 1141 [internal quotation marks omitted]; *see Aguirre v Sabbeth*, 126 AD3d at 733; *Bernard v Bernard*, 126 AD3d 658, 659 [2015]).

Considering the circumstances of this case, including the long duration of the marriage, the contributions of each spouse to the marriage, and the probable future financial circumstances of each party, the Supreme Court did not improvidently exercise its discretion in awarding the plaintiff one half of the marital assets (*see* Domestic Relations Law § 236 [B] [5] [c], [d]; *Nicodemus v Nicodemus*, 98 AD3d 605, 606 [2012]; *Safi v Safi*, 94 AD3d 737, 737-738 [2012]; *Steinberg v Steinberg*, 59 AD3d 702, 703 [2009]).

In a matrimonial action, "the court may order maintenance in such amount as justice requires" (Domestic Relations Law

§ 236 [6]). The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see *Lamparillo v Lamparillo*, 130 AD3d 580, 581 [2015]; *Heydt-Benjamin v Heydt-Benjamin*, 127 AD3d 814, 815 [2015]). Here, given that the plaintiff was already receiving Social Security retirement benefits and would receive a substantial distributive award, the Supreme Court did not improvidently exercise its discretion in declining to award the plaintiff maintenance (see Domestic Relations Law § 236 [6]; *Filippazzo v Filippazzo*, 121 AD3d 835, 835-836 [2014]; *Signorile v Signorile*, 102 AD3d 949, 951 [2013]).

The parties' remaining contentions are without merit. Hall, J.P., Austin, Roman and Barros, JJ., concur.