■ JUSTINE RICE, Respondent, v DEAN RICE, Appellant. [25 NYS3d 232]—

Appeal from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated September 26, 2013. The order granted the plaintiff's motion, in effect, pursuant to CPLR 4404 (b) to set aside portions of a decision of that court dated June 26, 2013, made after a nonjury trial, and denied the defendant's cross motion to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion, in effect, pursuant to CPLR 4404 (b) to set aside portions of a decision of the Supreme Court, Dutchess County, dated June 26, 2013, made after a nonjury trial, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendant.

On May 9, 2012, the plaintiff commenced this action for a divorce and ancillary relief. On June 26, 2013, after a nonjury trial, the Supreme Court issued a decision resolving certain issues. Thereafter, the plaintiff moved, in effect, pursuant to CPLR 4404 (b) to set aside portions of the decision, and the defendant cross-moved to impose sanctions upon the plaintiff and her counsel pursuant to 22 NYCRR 130-1.1. By order dated September 26, 2013, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.

The Supreme Court erred in granting the plaintiff's motion, in effect, pursuant to CPLR 4404 (b) to set aside portions of the decision dated June 26, 2013. The plaintiff denominated her motion as one for leave to "reargue" the decision. However, as acknowledged by the Supreme Court in its order, such a motion was procedurally defective because CPLR 2221 does not

permit reargument of a decision made after trial and is limited to review of a court's ruling on a prior motion. Here, since the Supreme Court did not rule on a motion, the plaintiff could not seek reargument of that decision.

Even if the plaintiff's motion were deemed a motion, in effect, pursuant to CPLR 4404 (b) to set aside portions of the decision dated June 26, 2013, the plaintiff's motion, made on August 2, 2013, was untimely made, as it was not made within 15 days of the decision (*see* CPLR 4405). The Supreme Court erred in concluding that it could still reach the merits of the motion "in the interest of judicial economy" and to "prevent further unnecessary motion practice." Rather, the plaintiff was required to demonstrate good cause for her delay. Since the plaintiff's motion was not made within 15 days after the decision and the plaintiff failed to demonstrate good cause for the delay, the motion should have been denied (*see Turco v Turco*, 117 AD3d 719 [2014]; *Brzozowy v ELRAC, Inc.*, 39 AD3d 451 [2007]; *cf. Ehrman v Ehrman*, 67 AD3d 955 [2009]; *Johnson v Suffolk County Police Dept.*, 245 AD2d 340 [1997]).

Despite the fact that the plaintiff's motion was procedurally defective, her motion was not frivolous and, therefore, the Supreme Court providently exercised its discretion in denying the defendant's cross motion for sanctions pursuant to 22 NYCRR 130-1.1.

In light of our determination, we need not reach the defendant's remaining contentions. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.