In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered January 8, 2015, which, after a jury trial, upon the granting of the defendants’ motion pursuant to CPLR 4401, made at the close of the plaintiff’s proof on the issue of liability, for judgment as a matter of law and an order of the same court entered August 1, 2014, denying his motion to enlarge his time to make a posttrial motion and denying his posttrial motion, in effect, as untimely, is in favor of the defendants and against him dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 In this legal malpractice action, the plaintiff alleges that Volvo Financial North America (hereinafter Volvo) was the lessor of a vehicle that struck the plaintiff’s vehicle in the rear in April 2005. The accident occurred prior to the enactment of the Graves Amendment (49 USC § 30106), which exempts the owner of a leased or rented motor vehicle from liability for personal injuries resulting from the use of such vehicle “ ‘if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing’ ” (Anglero v Hanif, 140 AD3d 905, 906 [2016], quoting Bravo v Vargas, 113 AD3d 579, 580 [2014]). The plaintiff further alleges that the defendants deviated from good and accepted legal practice in neglecting to name Volvo as a defendant in a personal injury action they commenced on behalf of the plaintiff.
 

 The legal malpractice action proceeded to a bifurcated trial. Following the close of the plaintiff’s proof on the issue of liability, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The defendants argued, inter alia, that the plaintiff failed to establish that the offending vehicle was owned by or leased from Volvo. The Supreme Court granted the defendants’ motion on the record during proceedings held on December 11, 2013. More than a month later, the plaintiff moved for leave to enlarge his time to make a posttrial motion. While that motion was pending, the plaintiff made a posttrial motion, among other things, for judgment in his favor as a matter of law on the issue of liability. The court denied the motion to enlarge the time to make a posttrial motion, and denied the posttrial motion, in effect, as untimely. By judgment entered January 8, 2015, the court dismissed the complaint. The plaintiff appeals, and we affirm.
 

 The Supreme Court properly granted the defendants’ motion for a directed verdict pursuant to CPLR 4401. “ ‘A trial court’s grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party’ ” (Geeta Temple-Ashram v Satyanandji, 142 AD3d 1132, 1134 [2016], quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; accord Clarke v Phillips, 112 AD3d 872, 874 [2013]). To establish a cause of action to recover damages for legal malpractice, a plaintiff must establish the elements of proximate cause and damages, i.e. “a plaintiff must show that but for the attorney’s negligence, he or she would have prevailed on the underlying claim” (Rau v Borenkoff, 262 AD2d 388, 389 [1999]; see Di Giacomo v Michael S. Langella, P.C., 119 AD3d 636, 638 [2014]), by proving “a case within a case” (McKenna v Forsyth & Forsyth, 280 AD2d 79, 82 [2001] [internal quotation marks omitted]). To prevail on a cause of action asserted pursuant to Vehicle and Traffic Law § 388, a plaintiff is required to demonstrate, among other things, that the defendant he sought to hold vicariously liable was the owner of the vehicle at the time he sustained his injury (see Vehicle and Traffic Law § 388 [1]). In this action, the plaintiff failed to adduce prima facie evidence that the offending vehicle was owned by or leased from Volvo on the date of the accident (see Vehicle and Traffic Law §§ 128, 388; Godlewska v Niznikiewicz, 8 AD3d 430, 431 [2004]). Given that there is no evidence that the offending vehicle was owned by a commercial lessor that could have been held vicariously liable for the plaintiffs injuries under Vehicle and Traffic Law § 388 prior to the enactment of the Graves Amendment, the plaintiff failed to establish that he would have prevailed in an action against Volvo had one been commenced.
 

 Moreover, despite the plaintiffs assertions in opposition to the defendants’ CPLR 4401 motion, the record does not demonstrate that the defendants conceded that the offending vehicle was owned by or leased from Volvo. In this regard, the defendants did not admit in their answer that the vehicle was leased or that Volvo was the lessor or owner of the vehicle (see CPLR 3018 [a]).
 

 Consequently, the plaintiff failed to present a prima facie case of legal malpractice (see Dawson v Schoenberg, 129 AD3d 656 [2015]), and the defendants’ motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint was properly granted (see Szczerbiak v Pilat, 90 NY2d 553 [1997]).
 

 The Supreme Court also properly denied the plaintiff’s motion to enlarge his time to make a posttrial motion, and properly denied the plaintiff’s posttrial motion, in effect, as untimely. The time to make a posttrial motion pursuant to CPLR article 44 is “within fifteen days after decision, verdict or discharge of the jury” (CPLR 4405). The defendants’ motion pursuant to CPLR 4401 was granted on December 11, 2013, and the plaintiff’s motion to enlarge the time to make a post-trial motion was not made until the service of an order to show cause dated January 29, 2014, and was, therefore, untimely (see CPLR 4405; Rice v Rice, 135 AD3d 928, 929 [2016]; Brzozowy v ELRAC, Inc., 39 AD3d 451, 453 [2007]; Kahan v Sulaymanov, 24 AD3d 612, 613 [2005]). The plaintiff failed to demonstrate good cause for the delay (see Rice v Rice, 135 AD3d at 929; Turco v Turco, 117 AD3d 719, 723 [2014]; Brzozowy v ELRAC, Inc., 39 AD3d at 453).
 

 The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
 

 Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.