Matter of State of New York v Jefferson CC. (2018 NY Slip Op 07214)





Matter of State of New York v Jefferson CC.


2018 NY Slip Op 07214


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

525310

[*1]In the Matter of STATE OF NEW YORK, Respondent,
v
JEFFERSON CC., Appellant.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Sheila Shea, Mental Hygiene Legal Service, Albany (Shannon Stockwell), for appellant.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered March 16, 2017 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a sex offender requiring strict and intensive supervision and treatment.
In November 2016, as respondent was about to be released from prison, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10. Supreme Court found that there was probable cause to believe that respondent is a sex offender requiring civil management, i.e., "a detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.03 [q]), and the matter was scheduled for trial. Thereafter, by letter from his counsel, respondent advised the court that he had decided to waive his right to a trial and a dispositional hearing and instead consent to a finding that he is a detained sex offender who meets the criteria of having a mental abnormality who should be civilly managed under a regimen of strict and intensive supervised treatment (hereinafter SIST). Respondent further advised the court that, although he would concede that petitioner had sufficient evidence to establish that he had a mental abnormality, he "does not admit to same" (emphasis omitted).
At a subsequent appearance, Supreme Court advised respondent that it would only enter an order providing for SIST if respondent admitted that he suffered from a mental abnormality — his consent to such a finding would not be sufficient. Thereafter, following extensive review with counsel, respondent executed an affidavit of waiver, in which he admitted that he was "a detained sex offender . . . who currently suffers from a mental abnormality." After the affidavit was executed, the court advised that its final order would include a provision warning respondent that a SIST violation could result in the imposition of sanctions for civil or criminal contempt; respondent's counsel objected to any finding that respondent had admitted to mental abnormality and to the inclusion of the contempt warnings in the final order. The final order entered [*2]thereafter contained provisions noting that respondent had admitted that he currently has a mental abnormality and warning that SIST violations could result in contempt sanctions. Respondent appeals.
Respondent argues that Supreme Court improperly required him to admit that he had a mental abnormality. Respondent is not aggrieved by this provision, however, because he agreed and stipulated to such admission when he subsequently executed the affidavit (see Matter of State of New York v Grant, 71 AD3d 1502, 1502-1503 [2010]). Further, he obtained the benefit of that order — which provided for his release to SIST shortly after it was entered — and he does not demonstrate how being required to admit that he has a mental abnormality affected his legal rights in any substantive way. Thus, inasmuch as respondent is not aggrieved by this provision of the order, "this issue is not subject to review" (Dudla v Dudla, 50 AD3d 1255, 1257 [2008]; see Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1044 [2012], lv denied 20 NY3d 858 [2013]).[FN1]
By contrast, respondent did not consent to the provision warning that contempt sanctions could be imposed for SIST violations. Supreme Court is empowered to punish by contempt persons who violate its lawful orders (see Judiciary Law §§ 750 [A] [3]; 753 [A] [1]), unless that power is proscribed or limited by statute. For example, Family Court's authority to punish persons who violate its orders is specifically proscribed where "a specific punishment or other remedy for such violation is provided in [the Family Ct Act] or any other law" (Family Court Act § 156; see Matter of Templeton v Templeton, 74 AD3d 1513, 1514 [2010], citing Matter of Edwin G., 296 AD2d 7, 10 [2002]). By contrast, although the Mental Hygiene Law provides that a person who is alleged to have violated a SIST condition may immediately be taken into custody (see Mental Hygiene Law § 10.11 [d] [1]), and authorizes penalties for established SIST violations, it neither provides that such penalties are exclusive nor specifically proscribes or limits the authority of Supreme Court to utilize contempt as a sanction for SIST violations (see Mental Hygiene Law § 10.11 [d] [1], [2], [4]; [e], [f]). Moreover, respondent's argument that the use of contempt to punish for SIST violations violates due process because it may result in confinement is unavailing because any contempt sanctions that may be imposed for SIST violations would not constitute impermissible punishment of a sex offender for his or her original crime. Rather, such sanctions would serve as a mechanism to enforce compliance with the later court order that imposed the SIST conditions [FN2]. Accordingly, Supreme Court did not err by including a provision in the order warning respondent of the possibility that contempt sanctions would be imposed for SIST violations.
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Accordingly, we do not reach the issue of whether Mental Hygiene Law § 10.08 (f) permits a respondent to consent to a finding of mental abnormality without admitting that he or she suffers from a mental abnormality.

Footnote 2: The parties' arguments regarding the efficacy of contempt as a mechanism for enforcing compliance with SIST must be directed to the Legislature.