Bortugno v New York State Urban Dev. Corp. (2024 NY Slip Op 04598)

Bortugno v New York State Urban Dev. Corp.

2024 NY Slip Op 04598

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 150623/13 590330/13 590151/14 Appeal No. 2607-2607A Case No. 2023-06186 

[*1]Nicholas Bortugno et al., Plaintiffs-Respondents,
v
New York State Urban Development Corp., Doing Business as Empire State Development Corp., et al., Defendants, Schindler Elevator Corporation et al., Defendants-Appellants. [And Third-Party Actions] 

Keller, O'Reilly & Watson, P.C., Woodbury (Vincent J. Petrozzo of counsel), and Schaerr|Jaffe LLP, Washington DC (Howard Christopher Bartolomucci of the bars of the State of Virginia and the District of Columbia, admitted pro hac vice, 0f counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Sherman B. Kerner of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about August 4, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Schindler Elevator Corporation and Midland Elevator, Co., Inc. (collectively, defendants) for leave to file a late motion pursuant to CPLR 4404, unanimously affirmed, without costs. Appeal from so much of aforesaid order, denying defendants' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
The court providently exercised its discretion in denying the motion as untimely made more than 15 days after the jury had been discharged after a mistrial was declared (see Turco v Turco, 117 AD3d 719, 723 [2d Dept 2014]) and determining that defendants did not show good cause for their delay (see Verdi v Jacoby & Meyers, LLP, 154 AD3d 901, 903 [2d Dept 2017]; CPLR 4405).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024